· M/D 1

IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA

RECEIVED

2007 AUG 13 A 9: 32

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Sterling Ray McCrary )
Full name and prison name of )
Plaintiff(s) )
                                      )
v.                                    )    CIVIL ACTION NO. 2:07 CV 725 - WKW
                                      )    (To be supplied by Clerk of U.S. District
Alabama Court of                      )    Court)
Criminal Appeals                      )
                                      )
Supreme Court of                      )
Alabama, et. all.                     )
                                      )
Name of person(s) who violated your   )
constitutional rights. (List the names )
of all the person.)                   )

I.  PREVIOUS LAWSUITS

   A.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?  YES ☒  No ☐

   B.  Have you begun other lawsuits in state or federal court relating to your imprisonment?    YES ☒    NO ☐

   C.  If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1.  Parties to this previous lawsuit:

           Plaintiff(s) Sterling Ray McCrary

           Defendant(s) See Attached

       2.  Court (if federal court, name the district; if state court, name the county)

           See Attached

-1- of -18- Pages

3. Docket number _See Attached_
4. Name of judge to whom case was assigned _See Attached_
5. Disposition (for example: was the case dismissed? Was it appealed? Is it still pending?) _See Attached_
6. Approximate date of filing lawsuit _See Attached_
7. Approximate date of disposition _See Attached_

II. PLACE OF PRESENT CONFINEMENT _M1-74A Fountain 4000 J.O. Davis Corrections Atmore Al. 36503_

PLACE OR INSTITUTION WHERE INCIDENT OCCURRED _See Attached_

III. NAME AND ADDRESS OF INDIVIDUAL(S) YOU ALLEGE VIOLATED YOUR CONSTITUTIONAL RIGHTS.

| | NAME | ADDRESS |
|---|---|---|
| 1. | See Attached | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |
| 6. | | |

IV. THE DATE UPON WHICH SAID VIOLATION OCCURRED _See Attached_

V. STATE BRIEFLY THE GROUNDS ON WHICH YOU BASE YOUR ALLEGATION THAT YOUR CONSTITUTIONAL RIGHTS ARE BEING VIOLATED:

GROUND ONE: _14th Ammendment "Violated"_

-2-

STATE BRIEFLY THE FACTS WHICH SUPPORT THIS GROUND. (State as best you can the time, place and manner and person involved.)

The 14th Ammendment Says "A State Shall Not Make no Rule or Write No law that would deprive a United States Citizen of his Federal guarantee Rights... See Attached, NO Ruling on the issues

GROUND TWO: The Alabama Court of Criminal Appeals Denied All Submitted Motions in Violation of the 14th Ammendment of U.S.A.

SUPPORTING FACTS: The Court of Criminal Appeals of Alabama Gave no reason... Just Denied In Violation of the 14th Ammendment of the U.S.A.

GROUND THREE: The Summary dismissal of the Petition by the Jackson County Court Was in Violation of the 14th Amendment of U.S.A.

SUPPORTING FACTS: The Circuit Court of Jackson County Alabama, Summary dismissed the Petition Weeks after the Notice of Appeal had been filed with the Jackson County Circuit Clerk, and the Court of Criminal Appeals of Alabama. In Violation of the 14th Amendment. of the U.S.A.

-3-

VI. STATE BRIEFLY EXACTLY WHAT YOU WANT THE COURT TO DO FOR YOU. MAKE NO LEGAL ARGUMENT. CITE NO CASES OR STATUTES.

Issue An Order, Ordering the Court Of Criminal Appeals of Alabama to Make a ruleing on each and ever Issue Or Order "all" Parties to Submitt to this Court the Records of this Complaint, against the Appelants Courts of Alabama. Set A Hearing for this Case.

_Sterling Ray McCrary_
Signature of plaintiff(s)

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _August 4th 2007_.
(Date)

_Sterling Ray McCrary_
Signature of plaintiff(s)

-4-

AIS-237087 MT-74A
Fountain 4000, J.O. Davis
Atmore, AL. 36503

To: Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, AL. 36101-0711



UNITED STATES
POSTAL SERVICE

0000
36101

$2.33

Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



H.W."BUCKY" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
Fax (334) 242-4689

MEMORANDUM

CR-04-2597

Jackson Circuit Court CC-03-582.60;
CC-03-583.60; CC-03-584.60

Sterling Ray McCrary v. State

COBB, Judge.

Sterling Ray McCrary appeals from the circuit court's summary dismissal of his postconviction petition which was filed pursuant to Rule 32, Ala. R. Crim. P. From his petition we discern that McCrary sought relief from his May 25, 2004, convictions for unlawful manufacture of a controlled substance, possession of a controlled substance, and possession of drug paraphernalia. We note McCrary's direct appeal from these convictions was dismissed for failure to file a brief. The certificate of judgement was issued on March 2, 2005. McCrary asserted in his petition that he has filed one prior Rule 32, Ala. R. Crim. P., petition in which

1

-9-

he challenged these convictions. The instant petition was filed on May 3, 2005.

Notwithstanding the numerous grounds checked on the face of his petition, McCrary argued the following in his brief in support of his petition: (1) The Constitution requires that he be given a new trial because each of the several different counsel appointed to represent him was ineffective including his standby counsel appointed for trial (McCrary apparently requested self-representation and was appointed standby counsel); (2) The trial court was without jurisdiction to render judgment and impose sentence because the indictment failed to state all the elements of the offenses; (3) Newly discovered material facts exist which requires the conviction or sentence be vacated because: (a) the trial court denied a viable motion to suppress evidence; and, (b) the court failed to charge the jury on a misdemeanor; (4) Petitioner was illegally sentenced in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000); (5) Petitioner was denied the right to view the crime scene; (6) Petitioner was denied bond; (7) Petitioner is innocent; (7) The search warrant was obtained in bad faith and should not have been issued; and, (8) Federal sentencing guidelines were violated. In an amendment to his petition McCrary added the claims: (9) The search of his home was illegal; (10) Illegally seized evidence should have been suppressed; and, (11) There was no search warrant nor an arrest warrant issued. After the State responded, the circuit court summarily denied the petition finding McCrary's nonjurisdictional claims to be procedurally barred by Rule 32.2, Ala. R. Crim. P. As to his jurisdictional claim, the court found that claim to be insufficiently pleaded because McCrary made no specific assertion regarding the alleged missing elements. (The court also noted without explanation that this claim was without merit.)

McCrary appealed the circuit court's ruling. In reviewing the circuit court's denial of McCrary's petition, we will affirm the circuit court "[i]f the circuit court is correct for any reason, even though it may not be the stated reason ... . See Roberts v. State, 516 So. 2d 936 (Ala.Cr.App. 1987)." Reed v. State, 748 So. 2d 231, 233 (Ala. Crim. App. 1999); Ex parte City of Fairhope, 739 So. 2d 35, 39 (Ala. 1999).

2

- 10 -

McCrary's brief is nothing more than the allegations of a disgruntled felon. The issues are unclear, and though there is some citation to legal authority, none of the authority presented suggests error in the circuit court's ruling as to any of the claims raised in the petition. The brief consists almost entirely of a compilation of complaints by McCrary that various counsel did nothing to protect his rights or to represent him, and a recitation of his version of the facts underlying his conviction. McCrary attached his own affidavit to his brief presumably as evidence that he has been a victim of the legal system by virtue of a warrantless search of his home and ineffective counsel.

Assuming without deciding that the brief complies with Rule 28(a)(10), Ala. R. App. P., we find that McCrary's claims, as best we can discern them, do not entitle him to relief. By his own pleading this is McCrary's second Rule 32, Ala. R. Crim. P., petition. Ineffective assistance of counsel claims must be raised in the first petition, or as soon as practicable, or they are precluded. See Rule 32.2(d), Ala. R. Crim. P. Thus, McCrary is not entitled to relief on any claim of ineffective assistance of counsel. Moreover, Rule 32.3, Ala. R. Crim. P., places on a petitioner the burden of pleading in the petition sufficient facts, that, if true, would entitle the petitioner to relief. In the context of an ineffective assistance of counsel claim, those facts must demonstrate: (1) that his counsel's performance was deficient, and (2) that he was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668 at 687. Summary dismissal of McCrary's ineffective assistance of counsel claims was proper because his claims amounted to nothing more than bare allegations, unsupported by any factual basis; accordingly, they failed to satisfy either the burden of pleading requirements of Rule 32.3, Ala. R. Crim. P., or the specificity requirements of Rule 32.6(b), Ala. R. Crim. P.

Claims concerning search warrants, arrest warrants, admission of evidence, are all nonjurisdictional claims and they are all procedurally barred under Rules 32.2(a)(3) and (5), Ala. R. Crim. P., as they could have been, but were not, raised at trial or on appeal. Additionally, as these claims are not jurisdictional, they are precluded by Rule 32.2(b), Ala. R. Crim. P., because there has been no assertion establishing "good cause" for failing to raise the claim in

McCrary's first petition.

As to the jurisdictional challenge raised in the petition, we note that, as the circuit court found, the pleadings failed to state the alleged elements omitted from the indictment. See Rule 32.3, Ala. R. Crim. P.

The claims that McCrary presented in his petition but does not pursue on appeal are deemed to be abandoned. See, e.g., Brownlee v. State, 666 So.2d 91, 93 (Ala. Crim. App. 1995)(holding that "we will not review issues not listed and argued in brief."). Any new claims that McCrary presents for the first time on appeal are not properly before us. See Arington v. State, 716 So. 2d 237, 239 (Ala. Crim. App. 1997)(holding that "[a]n appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.").

For the above reasons, the circuit court's summary dismissal of McCrary's petition is affirmed.

AFFIRMED.

McMillan, P.J., and Baschab, Shaw, and Wise, JJ., concur.

# IN THE SUPREME COURT OF ALABAMA

April 6, 2006

**1050886**

Ex parte Sterling Ray McCrary. PETITION FOR WRIT OF CERTIORARI TO THE COURT OF CRIMINAL APPEALS (In re: Sterling Ray McCrary v. State of Alabama) (Jackson Circuit Court: CC03-582.60; CC03-583.60; CC03-584.60; Criminal Appeals : CR-04-2597).

### ORDER

IT IS ORDERED that the petition for writ of certiorari filed on March 28, 2006, is stricken for failure to comply with Rule 39(c)(2), Alabama Rules of Appellate Procedure.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court of Alabama, do hereby certify that the foregoing is a full, true and correct copy of the instrument(s) herewith set out as same appear(s) of record in said Court.

Witness my hand this 6th day of April 2006

Clerk, Supreme Court of Alabama

cc:
Sterling Ray McCrary, Pro Se
Hon. Troy R. King, Attorney General

I got 14 April 2006 At 9:00 P.M., Legal Mail

Sterling Ray McCrary

-13-

/ag

Case 2:07-cv-00725-WKW-WC    Document 1-2    Filed 08/13/2007    Page 6 of 10

2a July 2007

FILED
2007 Jul-10 PM 03:1
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| STERLING RAY McCRARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:07-cv-202-CLS-TMP |
| | ) | |
| CHRIS KIRBY, | ) | |
| SCOTTSBORO POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants | ) | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| STERLING RAY McCRARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:07-cv-216-IPJ-TMP |
| | ) | |
| RANDAL K. BURLESON, | ) | |
| JUDGE JENIFER C. HOLT, | ) | |
| KENNETH MOORE, RACHEL MORGAN, | ) | |
| DISTRICT ATTORNEY CHARLES R. | ) | |
| RHODES, | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \*

- 124 -

| | | |
|---|---|---|
| STERLING RAY McCRARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 5:07-cv-217-CLS-TMP |
| | ) | |
| TAYLOR HARDIN SECURE MEDICAL FACILITY, JUDGE JENIFER C. HOLT, DISTRICT ATTORNEY CHARLES R. RHODES, RACHEL MORGAN, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * *

| | | |
|---|---|---|
| STERLING RAY McCRARY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:07-cv-340-IPJ-TMP |
| | ) | |
| JASON L. CURTS, SCOTT WHITED, JUDGE JENIFER C. HOLT, JUDGE RALPH H. GRIDER, DISTRICT ATTORNEY CHARLES R. RHODES, RACHEL MORGAN, JASON R. PIERCE, KIRK PERRY, JACKSON COUNTY GRAND JURY, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

* * * * * * * * * * * *

2

-15-

| | |
|---|---|
| STERLING RAY McCRARY,   )<br>                             )<br>        Plaintiff,           )<br>                             )<br>vs.                          )<br>                             )<br>JUDGE RALPH H. GRIDER,       )<br>JUDGE JENIFER C. HOLT,       )<br>CHRIS KIRBY, SCOTTSBORO      )<br>POLICE DEPARTMENT,           )<br>JACKSON COUNTY COURTHOUSE,   )<br>                             )<br>        Defendants.           ) | Case No. 2:07-cv-341-TMP |

* * * * * * * * * * * * *

| | |
|---|---|
| STERLING RAY McCRARY,                       )<br>                                             )<br>        Plaintiff,                           )<br>                                             )<br>vs.                                          )<br>                                             )<br>JAY DUNSMORE, JASON C. CURTS,                )<br>RACHEL MORGAN, DISTRICT                      )<br>ATTORNEY CHARLES R. RHODES,                  )<br>KIRK PERRY, JUDGE RALPH H. GRIDER,           )<br>JUDGE JENIFER C. HOLT,                       )<br>                                             )<br>        Defendants.                           ) | Case No. 2:07-cv-342-RDP-TMP |

United States District court
Office of the Clerk
Northern District of Alabama
Room 140
United States Courthouse
1729 5th Avenue North
Birmingham, Alabama 35203

    This is to confirm that on ___3·19·2007___, you filed a civil action in the U. S. District Court, Northern District of Alabama. The action was styled:

___McCrary v. Myles, et al___ and was assigned docket number CV___CV-07-HS-0500-NE___. This docket number must be included on all future pleadings and correspondence involving this action. All pleadings and correspondence must be sent to the address in the above left-hand corner.

    This office will keep you informed of the status of your action by sending you copies of all orders entered by the Court.

    It is your responsibility to keep the Court informed of your current address. Failure to do so may result in the dismissal of your action.

SHARON N. HARRIS
CLERK OF COURT

Consent Signed 4/19/07      -17-

AVSO500

ALABAMA JUDICIAL DATA CENTER
IN THE CIRCUIT COURT OF MONTGOMERY COUNTY

STERLING RAY MCCRARY AIS #237087 VS RICHARD ALLEN

MCCRARY STERLING RAY
AIS #237087
FOUNTAIN 3800
ATMORE          ,AL   36503-0000

CASE NUMBER: CV 2007 000243 00
PARTY NUMBER: C001

# MCCOOEY

THE ABOVE STYLED CASE WAS RECEIVED AND FILED IN THIS OFFICE.
YOU WILL BE NOTIFIED BY THE COURT OF ANY HEARINGS SET ON THIS CASE.
PLEASE USE THE ABOVE CASE NUMBER ON ALL PLEADING FILED WITH THE COURT.

ISSUED ON: 02/08/2007    CLERK: MELISSA RITTENOUR
                                P O BOX 1667
                                MONTGOMERY    AL  36102-1667
                                (334)832-1266

(02/08/2007)   KAR

-18-