IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

STERLING RAY McCRARY, #237087,    )
                                  )
          Plaintiff,              )
                                  )
v.                                )        CASE NO. 2:07-CV-725-WKW
                                  )               [WO]
                                  )
ALABAMA COURT OF CRIMINAL         )
APPEALS and SUPREME COURT OF      )
ALABAMA,                          )
                                  )
          Defendants.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Sterling Ray McCrary ["McCrary"], a state inmate,

challenges decisions issued by the Alabama Court of Criminal Appeals and the Supreme

Court of Alabama in affirming the denial of a state post-conviction petition.[1]  Specifically,

McCrary argues that the trial court's summary dismissal of his Rule 32 petition and the

appellate court's denial of "all submitted motions" without reason violated his constitutional

rights.  *Plaintiff's Complaint - Court Doc. No. 1* at 3.  McCrary further complains that the

Alabama Supreme Court erred in denying him relief from the decision of the Alabama

Court of Criminal Appeals.  *Id.*  McCrary requests that this court issue an order requiring

---

[1] The instant complaint relates to adverse state court decisions issued on a petition filed by McCrary pursuant to Rule 32, *Alabama Rules of Criminal Procedure*, in the Circuit Court of Jackson County, Alabama. In this state petition, McCrary sought relief from his 2004 convictions for unlawful manufacture of a controlled substance, possession of a controlled substance and possession of drug paraphernalia.

"the Court of Criminal Appeals of Alabama to make a ruleing (sic) on each and ever[y] issue or ... submit to this court the records of this complaint" for federal review. *Id.* at 4.

Upon consideration of the claims presented in the complaint, the court concludes that dismissal of this case prior to service of process is proper in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[2]

## I.  DISCUSSION

### A.  The Named Defendants

McCrary names the Alabama Court of Criminal Appeals and the Supreme Court of Alabama as defendants in this cause of action.  A state court is not a person within the meaning of 42 U.S.C. § 1983.  *Moity v. Louisiana State Bar Association*, 414 F.Supp. 180, 182 (E.D. La. 1976), *aff'd*, 537 F.2d 1141 (5th Cir. 1976).  Dismissal of the plaintiff's claims against the Alabama Court of Criminal Appeals and the Supreme Court of Alabama is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

### B.  The Requests for Declaratory and Injunctive Relief

In addition, to the extent McCrary seeks declaratory and injunctive relief for adverse rulings issued by the Alabama Court of Criminal Appeals, the Supreme Court of Alabama

---

[2]A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).  This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

or the Circuit Court of Jackson County during proceedings related to his Rule 32 petition, this court cannot render such judgment in a case filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, ___, 126 S.Ct. 1198, 1199 (2006). "[U]nder what has come to be known as the *Rooker-Feldman* doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Lance*, 546 U.S. at ___, 126 S.Ct. at 1201. Although "*Rooker-Feldman* ... is a narrow doctrine," it remains applicable to bar McCrary from proceeding before this court as this case is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Id.*; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have [appellate] jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11[th]

3

Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Consequently, regardless of the defendants named in the complaint, McCrary's claims challenging actions undertaken and/or decisions issued by the state courts during proceedings related to his state post-conviction petition are subject to summary dismissal upon application of 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that on or before August 29, 2007 the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

---

[3] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

4

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 16th day of August, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE