In The District Court of The United States
For The Middle District of Alabama
Northern Division

Sterling Ray McCrary, #237087
    Plaintiff

v.

Alabama Court of Criminal
Appeals and Supreme Court of
Alabama
    Defendants

Number #

PRO-SE

2:07-CV-725-WKW
[WO]

RECEIVED
2007 AUG 29  A 10:31
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Objections

To: Recommendation of The Magistrate Judge

Your Honor,
    Comes Now Your Plaintiff Sterling Ray McCrary Pro-se in the above-styled Cause and Pray's that this Honorable Court will review the following:

1. Page 1 of 5 "I, this 42 USC. § 1983 action, Sterling Ray McCrary ["McCrary"], a State inmate, challenges decisions by the Alabama Court of Criminal Appeals and the Supreme Court of Alabama in affirming the denial of a State Post-Conviction Petition.¹"

2. Page 1 of 5 "Specifically, McCrary argues that the trial Court's summary dismissal of his Rule 32 Petition and the appellate Court's denial of "all submitted Motions" without reason violated his Constitutional rights.

-1-

3. Page 1 of 5 "Plaintiff's Complaint - Court Doc. NO. 1 at 3."

4. 1 of 5 "McCrary further complains that the Alabama Supreme Court erred in denying him relief from the decision of the Alabama Court of Criminal Appeals. Id."

5. Page 1-2 of 5 "McCrary request that this Court issue an order requiring" the Court of Criminal Appeals of Alabama to make a ruleing (sic) on each and every issue or..... Submit to this Court the records of this Complaint" for federal review. Id. at 4."

6. "Upon consideration of the claims presented in the Complaint, the Court concludes that dismissal of this case prior to service of process is proper in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i)." ... at Page 2 of 5.

7. Page 2 of 5 "McCrary names the Alabama Court of Criminal Appeals and the Supreme Court of Alabama as defendants in this Cause of action."

8. Page 2 of 5 "A state Court is not a person within the meaning of 42 U.S.C. § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182, (E.D. La, 1976), aff'd 537 F.2d 1141 (5th Cir. 1976)."

9. Page 2 of 5 "Dismissal of the plaintiff's claims against the Alabama Court of Criminal Appeals and the Supreme Court of Alabama is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i)."

-2-

10. Page 2-3 of 5 "In addition, to the extent McCrary seeks declaratory and injunctive relief for adverse rulings issued by the Alabama Court of Criminal Appeals, the Supreme Court of Alabama or the Circuit Court of Jackson County during proceedings related to his Rule 32 Petition, this Court cannot render such judgment in a case filed pursuant to 42 U.S.C. § 1983."

11. Page 3 of 5 "'The Rooker-Feldman doctrine prevents.... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging' state-court judgments rendered before the district court proceedings commenced' Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)." Lance v. Dennis, 546 U.S. 459, ___, 126 S. Ct. 1198, 1199 (2006)."

12. Page 3 of 5 "[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." Lance, 546 U.S. at ___, 126 S. Ct. at 1201."

13. Page 3 of 5 "Although "Rooker-Feldman .... is a narrow doctrine," it remains applicable to bar McCrary from proceeding before this Court as this case is "brought by [a] State-Court loser[] complaining of injuries caused by State-Court Judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments" 544 U.S.

-3-

at 284, 125 S. Ct. [at] 1517." Id.; District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 486 (1983) (federal district courts "do not have [appellate] jurisdiction.... over challenges to State Court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the State Courts' action was unconstitutional.")"

14. Page 3-4 of 5 " Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a State Court. Datz v. Kilgore, 51 F.3d 252 254 (11th Cir. 1995) (Section 1983 suit arising from alleged erroneous decisions of a State Court is merely a prohibited appeal of the State Court judgment); see also Rolleston v. Eldridge, 848 F.2d 163 (11th Cir 1988)."

15. Page 4 of 5 " Consequently, regardless of the defendants named in the complaint, McCrary's claims challenging actions undertaken and/or decisions issued by the State Courts during proceedings related to his State post-conviction petition are subject to summary dismissal upon application of 28 U.S.C. § 1915(e)(2)(B)(i). See Clark v. State of Georgia Pardons and Paroles Board, 915 F.2d 636 (11th Cir. 1990) Neitzke v. Williams, 490 U.S. 319 (1989).³"

16. Page 4 of 5 " Accordingly, it is the Recommendation of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provisi of 28 U.S.C. § 1915(e)(2)(B)(i)."

-4-

<u>17.</u> Page 4 of 5 "It is further Ordered that on or before August 29, 2007 the parties may file Objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendations to which the party is Objecting."

<u>18.</u> Page 4 of 5 "Frivolous, Conclusive or general Objections will be Considered by the District Court."

<u>19.</u> Page 5 of 5 "Failure to file Written Objections to the Proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adoped by the District Court except upon grounds of Plain error or manifest injustice. Nettles V. Wainwright, 677 F. 2d 404 (5th Cir. 1982) See Stein V. Reynolds Securities, Inc., 667 F. 2d 33 (11th Cir 1982) See also Bonner V. City of Prichard, 661 F. 2d 1206 (11th Cir. 1981, en banc), adopting as binding precedent all decisions of the Fifth Circuit handed down prior to close of business on September 30, 1981."

ISSUES

<u>1.</u> "Plaintiff's Complaint - Court Doc. No 1 at 2-3. "14th Ammendment Violated"

<u>2.</u> Plaintiff's Complaint Court Doc. No. 1 at 3. "The Alabama Court of Criminal Appeals Denied

All Submitted Motions in Violation of the 14th Ammendment of USA"

3. Plaintiff's Complaint Court Doc. NO. 1 at 3
"The Summary dismissal of the Petition by the Jackson County Court was in Violation of the 14th Ammendment of USA

### Discussion of Objections

1. The names of the defendants can be found at Plaintiff's Complaint Court Doc. NO. 1 at 9, -12, 13, 14, 15, 16, See also Plaintiff's Exhabit #1 at 3

2. Plaintiff made no arguments in Court Doc. NO. 1. The 1983 form only ask for the Grounds of the Complaint and Supporting Facts

3. The Magistrate Judge should not view this Court Doc. NO. 1 as a Brief.

4. See Court Doc. NO 1 at 13

5. The Magistrate did not complete the request at Plaintiff's Complaint Court Doc. No. 1 at 4 which Reads " Set A Hearing for this Case".

6. The Complaint Court Doc. NO 1 is not frivolous, or Malicious, and it states a claim upon which relief may be granted, and seeks Monetary damages from defendants who Commited Acts in which they have No immunety from such relief.

7. See #1. for names See also Plaintiff's Exhabit #1 at 3

8. A Specifit State Courts and evidences were and are

named See Plaintiff's Complaint Court-doc. 1 at 9 to 13.

9. The Screening procedure requires the Court to view each case on its own merits and in this case the Court should set a hearing to view the Merits as requested in the Complaint Court-Doc. No 1 at 4.

10. This Honorable Court should hold a hearing to Know what kind of Judgments it can render pursuant to 42 U.S.C. § 1983.

11. This Honorable Court has Jurisdiction over this Complaint # 2:07-cv-725-WKW [WO] to hold hearings on the Complaint and should Do So.

12. Without all the Facts being before the Court, this Honorable Court should view this Complaint as a Complaint [U]nder what has come to be Known as the 42 U.S.C. § 1983 doctrine.

13. This Complaint does Not come under the Rooker-Feldman doctrine.

14. Moreover, a § 1983 action is appropriate to complain of Acts by peoples and courts who have violated the Constitutional rights of its Citizens.

15. [McCrory] Plaintiff's Claims that the Jackson County Circuit Court (Judge Jenifer C. Holt) had no Jurisdiction to render an Order, so it could Not have been during proceedings related to the

application of 28 U.S.C. § 1915(e)(2)(B)(i)

16. The Magistrate Judge does Not have before him all the facts in this case. A hearing should be set and the facts viewed before this case can be dismissed and without doing so, would deni the plaintiff his right to be heard in this case and complaint.

17. The Plaintiff has clearly identify his Objections to the Magistrate Judge's Recommendations and The Objections are Not frivolous, conclusive or general Objections and must be considered by the District Court Judge in this case.

18. The Plaintiff does Not agree with the findings by the Magistrate Judge or his recommendation and ask this Court to Set a hearing to view this case in the light of the facts and consider the Acts of the people's Complained of.

Your Honor
The Plaintiff is sending with this fileing 2 Exhibits marked (Plantiff's Exhibit #1) and (Plaintiff's Exhibits #2). Exhibit #1, is the Jackson County Circuit Court's (Judge Jenifer C. Holt) order of September 26 2005. Exhibit #2 is Plaintiff's Notice of Appeal of July 25 2005 and August 29, 2005.

-8-

## Conclusion

Your Honor

It is the recommendation of the plaintiff that this Honorable Court set this case for hearing at its earlyest possible Date.

Done this 23 day of
August 2007
*Sterling Ray McCrary*

Respectfully Requested
Sterling Ray McCrary
*Sterling Ray McCrary*
A.I.S. 237087 M1-74A
Fountain 9000 J.O. Davis
Atmore, Al. 36503

## Certificite of Service

I hereby Certify that on this 23rd day of August 2007. I Served a true Copy of the foregoing upon the Clerk of Court of the United States District Court in Montgomery Al. at P.O. Box 711 Montgomery Alabama 36101-0711, by placeing the same in the United States Mail box here at J.O. Davis, First Class Postage pre paid this 23 day of August 2007

*Sterling Ray McCrary*
Sterling Ray McCrary

9

| STATE OF ALABAMA | ) | IN THE CIRCUIT COURT |
|---|---|---|
| JACKSON COUNTY | ) | CASE NO. CC-03-582, 583, 584 .60 |

STATE OF ALABAMA..................................................................................PLAINTIFF

VS.

STERLING RAY MCCRARY............................................................................DEFENDANT

### ORDER

The case is submitted to the court on the defendant's petition for post-conviction relief. The court finds that the defendant is indigent and his request to proceed in forma pauperis is granted.

The court has carefully considered the defendant's petition, the State's response to the defendant's petition, the defendant's Amendment to Petitioner's Rule 32, Brief, and the defendant's answer to the State's response to the defendant's petition.

The defendant alleges in his petition three grounds for relief. The defendant alleges in his petition for relief that:

(1) The Constitution of the United States or the State of Alabama requires a new trial, a new sentence proceeding, or other relief.

(2) The court was without jurisdiction to render the judgment or to impose sentence.

(3) The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

-/- 



Plaintiff's Exhibit #
-/-

(4) Newly discovered material facts exist which require that the conviction or sentence be vacated by the court.

(5) The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.

The defendant alleges that he failed to appeal within the prescribed time and that failure was without fault on his part. The record reflects that the defendant did in fact file an appeal. On March 2, 2005, the Alabama Court of Criminal Appeals dismissed the defendant's properly filed appeal for failure by the defendant to file a brief after notice of this deficiency. The defendant's allegation is without merit and is denied.

With the exception of his claim that the court was without jurisdiction to render the judgment or to impose sentence, defendant's remaining claims are precluded pursuant to Rule 32.2 of the Alabama Rules of Criminal Procedure.

The defendant claims that the court was without jurisdiction to render the judgment or to impose sentence and cites case law supporting the premise that an indictment must contain the essential elements of the charge. The defendant, however, fails to make any claim that the indictment in this case was deficient in any manner. The defendant's allegation is without merit and is denied.

ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED that the defendant's petition for Rule 32 relief is DENIED. The court notes that the defendant has filed a notice of appeal in this proceeding and a request for the appointment of counsel to assist him with the appeal. The defendant's request for the appointment of counsel to assist



him with the appeal of the court's denial of his Rule 32 petition is denied.

DONE this the 26th day of September, 2005.

_____
JENIFER C. HOLT
Circuit Judge

**CERTIFICATE OF CLERK**
I certify that I have mailed a copy of the foregoing to:
S. McCrary
DA
_____

This the 27 day of SEPT, 2005.
Ken Ferrell
Clerk, Jackson County
Circuit Court
By _____



# IN THE CIRCUIT COURT OF JACKSON COUNTY
## ALABAMA

**STERLING McCRARY**
**DEFENDANT,**

CASE NO. CC-03-582, 583, 584

-V-

**STATE OF ALABAMA,**
**JACKSON COUNTY,**
**RESPONDENT**

### NOTICE OF APPEAL

Come's now, the above named defendant in the above style and numbered cause, who hereby moves and serves notice of appeal on this Honorable Court on Rule 32, and ask that counsel be appointed to file appeal.

Respectfully Submitted,

*Sterling Ray McCrary*
Sterling McCrary #237087
Post Office Box 5107
Union Springs, Alabama 36089

Done this 25 day of July 2005

[Stamp: STATE OF ALABAMA, I CERTIFY THIS INSTRUMENT IS FILED 2005 AUG -4 PM 12:08, CIRCUIT CLERK]

-1-

Plaintiff's Exhibit # -2-



IN THE CIRCUIT COURT OF **Jackson** COUNTY, ALABAMA

**Sterling Ray McCrary**
APPELLANT,

VS.                                            CASE NO: **CC-03-582, Thru 584**

STATE OF ALABAMA,
APPELLEE,

### NOTICE OF APPEAL TO THE COURT OF CRIMINAL APPEALS OF ALABAMA

**N/A** AND **N/A**
DATE OF JUDGEMENT          POST JUDGEMENT ORDER

Notice is hereby given that **Sterling Ray McCrary**, Appeals to the above named Court from the Judgement of Conviction (**10-1-04**) or other order entered in this Case on the **4-5-04** DAY OF **4-5-04**, 200**4**, Adjudging the Defendant to be Guilty of the Offense of **Manufacturing** and punishment thereof, Sentencing the Defendant as Follows;

**18 years, 6 years, 1 year concurrent.**

FILED **8-29-05**
DATE

CERTIFIED AS A TRUE COPY

**Sterling R. McCrary**
PRO-SE APPELLANT
**#237087**
**P.O. Box 5707,**
**Union Springs, Al.**
**36089**

-2-

| State of Alabama Unified Judicial System Form ARAP-26 (front) 8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | Criminal Appeal Number _____ |

### A. GENERAL INFORMATION:
[✓] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF _____ JACKSON _____ COUNTY

STERLING RAY McCRARY , Appellant

V.  [ ] STATE OF ALABAMA   [ ] MUNICIPALITY OF _____

Case Number: CC-03-582 Thr. 584
Date of Complaint or Indictment: Sept. 19, 2003
Date of Judgment/Sentence/Order: Oct 1-2004
Number of Days of Trial/Hearing: 2 Days
Date of Notice of Appeal: 8-4-05  Oral: ___  Written: YES
Indigent Status Requested: [✓] Yes [ ] No
Indigent Status Granted: [✓] Yes [ ] No

### B. REPRESENTATION:
Is Attorney Appointed or Retained? [✓] Appointed [ ] Retained
If no attorney, will appellant represent self? [✓] Yes [ ] No
Appellant's Attorney (Appellant if pro se): PRO-SE
Telephone Number: ___
Address: P.O. BOX 5107
City: UNION SPRINGS
State: AL
Zip Code: 36089

### C. CODEFENDANTS:
Codefendant: NONE

### D. TYPE OF APPEAL:
1 [ ] State Conviction
2 [✓] Post-Conviction Remedy
3 [ ] Probation Revocation
4 [✓] Pretrial Order
5 [ ] Contempt Adjudication
6 [ ] Municipal Conviction
7 [ ] Juvenile Transfer Order
8 [ ] Juvenile Delinquency
9 [ ] Habeas Corpus Petition
10 [ ] Other (Specify)

### E. UNDERLYING CONVICTION/CHARGE:
15 [ ] Miscellaneous (Specify): MANCE META.

### F. DEATH PENALTY:
Does this appeal involve a case where the death penalty has been imposed? [ ] Yes [ ] No

### G. TRANSCRIPT:
1. Will the record on appeal have a reporter's transcript? [ ] Yes [✓] No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _____ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? [ ] Yes [✓] No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? [✓] Yes [ ] No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

-3-

Form ARAP-26 (back)    3/91

## COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 5 | 3 | 05 | Rule 32 | 8 | 4 | 05 |
| | | | | | | |
| | | | | | | |

**NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case.

Rule 32 filed, circuit has not moved on any response or amendment to Rule 32. It's been well over 60 days from filing.

**ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

Illegal sentence, wrongful search, 4th, 5th, 6th, 14th amend. violation. Co/counsel never tried to help. Evindence withheld from defendant. Due process, equal protection of the law.

**SIGNATURE:**

_Stephy R. McCray_         _pro se_
                           Signature of Attorney/Party filing this form

-4-



| State of Alabama<br>Unified Judicial System<br>Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL<br>See Rules 10(c) and 11(b) of the<br>Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number<br>_____-_____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

[X] CIRCUIT COURT  [ ] DISTRICT COURT  [ ] JUVENILE COURT OF __JACKSON__ COUNTY

__STERLING RAY MCCRARY__, Appellant

V.  [X] STATE OF ALABAMA  [ ] MUNICIPALITY OF __APPELLEE__

Case Number: __CC-03-582.60__

Date of Judgment/Sentence/Order: __10/01/04__

Date of Notice of Appeal
Oral: _____  Written: _____

Indigent Status Granted: [X] Yes  [ ] No

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, CODE OF ALABAMA 1975).

Signature _____ Date _____ Print or Type Name _____

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)):

MARK PROCEEDINGS REQUESTED:                                   COURT REPORTER(S)

A. [X] TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.

B. [ ] ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

C. [ ] ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY):

| ADDITIONAL PROCEEDINGS REQUESTED | DATE | COURT REPORTER(S) |
|---|---|---|
| D. __TRANSCRIPT OF RULE 32 hearing__ | | __N/A__ |
| E. | | |
| F. | | |
| G. | | |

**IMPORTANT NOTICE:** The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**
I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

Signature __Sterling R. McCrary__   Date __8-29-05__   Print or Type Name __STERLING R. MCCRARY__

**DISTRIBUTION:** Original filed with Clerk of Trial Court and copies mailed to: (1) Clerk of the Court of Criminal Appeals, (2) the District Attorney, (3) the Attorney General or the municipal prosecutor in lieu of the District Attorney and the Attorney General if the appeal is from a municipal conviction, and (4) to each Court Reporter who reported proceedings designated for inclusion in the reporter's transcript.



Sterling Ray McCrary
AIS 237087
Fountain 4000 J.D. Davis
Atmore, Al. 36503

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Al. 36101-0711